IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| MWAMARATUNGA PIPORE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 121-116 |
| | ) | |
| WARDEN EDWARD PHILBIN, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation ("R&R"), to which objections have been filed. (Doc. no. 9.) The Magistrate Judge recommended dismissing Plaintiff's case as a sanction for Plaintiff providing dishonest information about his filing history. In his objection, Plaintiff argues his complaint was not frivolous and dismissing a complaint due to dishonesty is disfavored. To the contrary, "[a] n action is malicious when a prisoner misrepresents his prior litigation history on a complaint form requiring disclosure of such history and signs the complaint under penalty of perjury, as such a complaint is an abuse of the judicial process." Burrell v. Warden I, 857 F. App'x 624 (11th Cir. 2021). As the Court explained in the R&R, the Eleventh Circuit has repeatedly approved of dismissing a case without prejudice as a sanction. (See doc. no. 7, pp. 4-5.)

Plaintiff then simultaneously argues the Court must order service of Plaintiff's current complaint and the Court must require Plaintiff to amend the complaint. (Doc. no. 9, pp. 2-3.) Plaintiff did not file an amended complaint or a motion to amend his complaint following the

R&R, and he continues to insist upon his current complaint by asking the Court to order service of process. (See doc. no. 9, pp. 1, 3.) Regardless, Plaintiff may not now amend his complaint to include disclosure of the cases cited in the R&R because it would "circumvent the Court's ability to manage its docket by imposing sanctions for providing false information about prior filing history." Ludy v. Emmons, No. CV 316-033, 2016 WL 4005872, at *1 (S.D. Ga. July 25, 2016) (citing Brown v. Overstreet, CV 107-113, 2008 WL 282689, at *2 n.2 (S.D. Ga. Jan. 30, 2008)); see also Harris v. Warden, 498 F. App'x 962, 964-65 (11th Cir. 2012) (rejecting plaintiff's argument that district court abused its discretion by dismissing his complaint without prejudice as a sanction for abuse of the judicial process before "allowing him 'to correct' his failure to disclose his prior litigation history").

Should Plaintiff decide that he wants to pursue his claims in the future, nothing in this Order adopting the recommendation for dismissal puts any additional restrictions on Plaintiff's future filing activities beyond those already in place for any prisoner filing a new case in federal court.

Accordingly, the Court **OVERRULES** Plaintiff's objections, **ADOPTS** the Report and Recommendation of the Magistrate Judge as its opinion, **DIMISSES** this action without prejudice as a sanction for Plaintiff's abuse of the judicial process, and **CLOSES** this civil action.

SO ORDERED this 6th day of October 2021, at Augusta, Georgia.

J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

2